[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 107.]

IN RE APPLICATION OF WILLIAMS.

[Cite as *In re Application of Williams*, 2002-Ohio-1938.]

*Attorneys at law—Application to take Ohio Bar Examination denied when applicant fails to show by clear and convincing evidence that he possessed the character and fitness required for admission to practice law in Ohio— Applicant prohibited from applying for any bar examination earlier than the February 2004 bar examination.*

(No. 01-1499—Submitted January 9, 2002—Decided April 24, 2002.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 225.

————————————

*Per Curiam.*

{¶ 1} On August 1, 2000, David Lee Williams, a student at Capital University Law School and a former police officer for the city of Huber Heights, Ohio, filed an application to register for admission to the practice of law in Ohio. As part of that application, Williams stated that his reason for leaving employment with the city was "disability retirement." When two members of the Dayton Bar Association personally interviewed him, Williams said that the information on his application was true as stated.

{¶ 2} However, during its background investigation of Williams, the National Conference of Bar Examiners received information that he did not retire for disability reasons but that the Huber Heights Police Department had asked him to resign. On February 15, 2001, the Admissions Office of the Supreme Court of Ohio advised Williams that, pursuant to Gov.Bar R. I(10)(B)(2)(e), a hearing would be held with respect to his conduct leading to his resignation as a police officer and

with respect to disclosures on his application and before the admissions committee interviewers.

{¶ 3} As a result of a hearing, a panel of the Board of Commissioners on Character and Fitness ("board") found that in 1994, while on duty, Williams injured his neck and from that time he considered resigning from the police force for reasons of disability. It further found that in January 1999, Williams used a digital camera supplied by the police department to take at least one pornographic photograph, which he loaded onto his computer and later "accidentally" showed to a teenage girl. Later, Williams mentioned the fact to a fellow police officer who, believing that the girl was under eighteen years of age, reported the matter to his superiors. An investigation showed that the girl was, in fact, eighteen, but also revealed that Williams had, allegedly, on a number of occasions, engaged in some indiscreet activity with the girl.

{¶ 4} The department gave Williams a notice of pending disciplinary action on January 12, 1999, and advised him that although it had commenced an investigation, it would provide him with charges only if his counsel was present. On January 15, 1999, Williams, unaware of the nature of the possible charges against him, worked out an agreement whereby he resigned from the police department and the city agreed not to contest his claim for a disability pension. As part of the agreement, the girl and her mother agreed not to press charges against Williams for any of his conduct before January 15, 1999.

{¶ 5} The panel concluded that, in his application and in his interview with the bar association committee, Williams did not disclose in a forthright and honest manner the details surrounding his resignation from the Huber Heights police force. The panel concluded that Williams failed to show by clear and convincing evidence that he possessed the character and fitness required for admission to the practice of law in Ohio. It further recommended that he not be allowed to reapply for admission until the February 2004 bar examination. The board adopted the findings

2

and conclusions of the panel and recommended that Williams be disapproved for admission to the practice of law in Ohio and further recommended that he not be permitted to reapply until the February 2004 bar examination.

{¶ 6} On review of the record, we adopt the findings, conclusions, and recommendation of the board.  Williams shall not be permitted to reapply until the February 2004 bar examination.  Costs are taxed to Williams.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Harry G. Beyoglides, Jr.*, for Dayton Bar Association.

*Kenneth R. Donchatz* and *G. Jack Davis, Jr.,* for David Lee Williams.

_____